A89A1153. COTTON v. THE STATE.

(382 SE2d 211)

</div>

DEEN, Presiding Judge.

Kenneth Roger Cotton was convicted of rape and appeals asserting only the general grounds. *Held*:

During the early evening hours of February 8, 1988, the victim walked to a nearby convenience store. As she walked home, she heard someone running towards her from the rear. He grabbed her forearm, told her to be quiet and hit her on the side of the head. He pulled her over to the side of the house, put her jacket over her head, made her take off her pants and raped her. He instructed her to count to one hundred before she moved, and he left. She put on her pants and immediately followed him. She saw him get onto a ten-speed bicycle and ride off. She noticed that he had a white plastic grocery bag on the handlebars. She could describe his clothing and knew that he was very tall, but she never saw his face.

The victim's boyfriend and one of his friends were working on his car in a nearby driveway. They saw a tall man walking very fast up the street. They greeted him casually and saw him pick up his bike.

They noticed that one of the bike pedals was broken and that he had a white "Table Supply" grocery bag on the handlebars. When the crying victim ran from the side of the house and called out, "That guy there," the rapist got on his bicycle and left. The two young men got in a car, drove off after him, but were unable to catch him. When they returned to the victim's home, the police had arrived and they gave the officers a description of the man they had pursued.

Later, that same evening, police officers brought a ten-speed bike and a white plastic bag, which the witnesses identified as belonging to the rapist. The officers also asked one of the witnesses to go over to a squad car to look at a man who was inside. After the accused was made to get out of the car, the witness identified him as the man on the bike and testified that he recognized the man's clothing and facial features.

A Macon police detective testified that she heard a radio lookout for a man on a bicycle and stopped Cotton when she realized that he matched the description of the rapist. Before she could ask for identification, he jumped off the bike and ran to the door of a nearby house. Appellant claimed that the person who lived there was a friend, but the man who answered the knock on the door denied knowing him.

Appellant's alibi witness, a woman with whom he lived, testified that appellant had telephoned her after his arrest and asked her to testify that he was at home on the evening in question, that he bought $40 worth of groceries, and had cooked up a lot of fish to eat. She testified that she refused to lie for him. She had not seen him on the evening in question, and he had not bought any groceries or cooked any fish.

The medical testimony confirmed the victim's testimony by indicating that she had had recent sexual intercourse.

Viewing the evidence in the light most favorable to the prosecution, we find that a rational trier of fact could have found Cotton guilty beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Birdsong and Benham, JJ., concur.*

DECIDED MAY 9, 1989.

*Robert M. Bearden, Jr.*, for appellant.
*Willis B. Sparks III, District Attorney, Thomas J. Matthews, Assistant District Attorney*, for appellee.